U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION
FILED IN OFFICE
1:35 A m.
Oct 2 2007
B McCarthy
Deputy Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) **INDICTMENT NO CR 107-73** |
| | ) |
| **v.** | ) |
| | ) |
| | ) |
| **DEWAYNE LEVEARN WILLIAMS** | ) |

## PLEA AGREEMENT

Patricia Green Johnson, Assistant United States Attorney, and Charles Lyons, attorney for the defendant, pursuant to the provisions of Rule 11, Federal Rules of Criminal Procedure, as amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment styled above, and a Plea Agreement has been reached by said parties in the following respects:

### GOVERNMENT'S OBLIGATIONS UNDER THIS AGREEMENT

1. Upon the defendant's entry of a plea of guilty to the offense charged in Count One of the Indictment, the defendant's full compliance with all promises made hereinafter as a part of this agreement, and the defendant's adherence to all representations and understandings recited hereinafter, the attorney for the government will do the following:

a. Dismiss Counts Two through Twenty-Seven of the instant indictment; however the defendant understands and agrees that the Court may consider conduct in said counts as relevant conduct for purposes of determining the defendant's sentencing range pursuant to Section 1B1.3

of the Sentencing Guidelines.

b. The government will not object to a recommendation from the probation office that the defendant receive a **2** level reduction for acceptance of responsibility under the provisions of Chapter Three Part E Acceptance of Responsibility of the sentencing guidelines, based upon the defendant clearly demonstrating acceptance of his responsibility for his offense in accordance with Section 3E1.1 (a) of the Sentencing Guidelines.

If the defendant qualifies for a decrease under subsection (a), the government will make a motion for an additional **1**-point reduction for acceptance of responsibility, provided the defendant truthfully admits the conduct comprising the offense of conviction, has fully complied with the terms of pretrial release, if applicable, has not engaged in criminal conduct subsequent to arrest or initial appearance in this matter, and truthfully admits or does not falsely deny any additional relevant conduct for which the defendant is accountable under the United States Sentencing Guidelines.

DEFENDANT'S OBLIGATIONS UNDER THIS AGREEMENT

2. The Defendant agrees:

a. to plead guilty to Count One of the Indictment

b. to waive certain appeals and collateral attacks.

Understanding that 18 U.S.C. § 3742 provides for an appeal by a defendant of the sentence under certain circumstances, the defendant as a part of this agreement and in consideration for the government's promises hereunder, expressly waives any and all rights conferred by that statute to appeal any sentence imposed that is within the sentencing guideline maximums.

The defendant, as a part of this agreement and in consideration for the government's promises hereunder, also expressly waives any and all rights to collateral post-conviction attack of the sentence imposed or the voluntariness, providence, or factual basis of the guilty plea entered pursuant to this agreement.

Notwithstanding these waivers, the defendant reserves the right to file a direct appeal (but not a collateral attack) of the sentence imposed (but not the voluntariness, providence, or factual basis of the defendant's entry of a guilty plea pursuant to this agreement), in the event the sentencing Court upwardly departs from the sentencing guideline range it finds as a matter of fact and law to be applicable to the defendant and the offenses, whether that upward departure is made pursuant to U.S.S.G. §4A1.3 (from criminal history) or U.S.S.G. §5K2.0 (from offense level). The defendant understands and agrees that all other aspects of these waivers of appeal and collateral attack rights, and all guideline findings of fact and law by the sentencing Court, would remain in full force and effect notwithstanding the defendant's appeal of an upward departure.

**The defendant also understands that in accordance with United States v. Booker, the district court, while not bound to apply the federal sentencing guidelines, must consult those guidelines and take them into account to formulate a reasonable sentence.**

3. DEFENDANT'S REPRESENTATIONS TO THE COURT AND FURTHER OBLIGATIONS UNDER THIS AGREEMENT:

a. FACTUAL BASIS:

The defendant understands that Count One of the Indictment charges that the defendant did commit an offense against the United States, that is to say, that on or about September 18,

2006, in Columbia County, within the Southern District of Georgia, the defendant herein,

**DEWAYNE LEVEARN WILLIAMS**

while being a Postal Service employee, to-wit a part-time flexible sales services associate at the Evans Post Office branch, did unlawfully, knowingly and willfully convert to his own use, and fail and refuse to remit to or deposit in the Treasury of the United States, or in a designated depository, approximately $ 4680.00, coming into his hands or under his control, in the execution or under color of his office, employment, or service, in violation of 18 U.S.C. § 1711, and that the defendant's guilty plea constitutes proof as to that Count.

The defendant understands and agrees that nothing in this agreement shall abrogate the duty and right of the government to bring all sentencing facts to the attention of the sentencing court, and the defendant further agrees that the government shall not be bound to make any recommendation under this agreement if to do so would directly contradict facts relevant to the offense conduct or the defendant's prior conduct or criminal history, which first come to the attention of the government, or are confirmed as true, only after the signing of this agreement.

The defendant understands that the Court is not a party to this agreement, that the government can only make recommendations which are not binding on the Court, and that after the entry of the defendant's guilty plea, the defendant has no absolute right to withdraw the plea. Thus, the Court is free to impose any sentence authorized by law up to the statutory maximum sentence.

The defendant further advises the Court that the defendant understands that the U. S. Probation Office will prepare a presentence investigation report for the Court, and that the U. S. Probation Office will consider all of defendant's conduct related to the offense to which he is

pleading, which may include conduct related to Counts of the Indictment which were or are to be dismissed or for which the defendant was acquitted, as well as the defendant's criminal history, and that these facts may be considered by the Court in determining the defendant's sentence. The defendant understands that the offense level and criminal history category determined by the United States Probation Office and the Court may differ from that estimated or projected by defendant's counsel or the United States Attorney.

The defendant advises the Court that the defendant understands that if the relevant conduct, guideline sentencing range, or sentence imposed by the Court is more or greater than the defendant expected or, in the case of relevant conduct, is found to be more extensive than the defendant has admitted to, the defendant will still have no absolute right to withdraw the guilty plea.

b. FINES, ASSESSMENTS, AND FORFEITURES:

The defendant understands that any assessments imposed pursuant to 18 U.S.C § 3013 ($100) by the Court at sentencing must be paid on the date of sentencing.

The defendant understands that if a fine or restitution is imposed by the Court at sentencing, or if the United States is pursuing the forfeiture of any property in which the defendant has an interest, whether by administrative, civil, or judicial proceeding, the defendant shall meet with a member of the Debt Collection Unit of the United States Attorney's Office on the day of sentencing and complete a written personal financial statement setting forth the defendant's assets and liabilities as of the date of the offense. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief and agrees to make an

honest, good faith effort to pay said fine as directed by the financial litigation section of the United States Attorney's Office.

The defendant agrees to fully assist the government in the recovery and return to the United States of such assets or portions thereof as described above. The defendant further agrees to make a full and complete disclosure of all assets over which defendant exercises control and those which are held or controlled by any nominee. The defendant further agrees to take whatever steps and actions are necessary to pass clear title to the United States as to the property described above or any other forfeitable property, including, but not limited to, surrender of title, the signing of consent decrees of forfeiture, and the signing of any other documents necessary to effectuate such transfers. The defendant agrees to consent to any civil or administrative forfeiture and to take any steps necessary to locate property and to pass marketable title to the United States before the defendant's sentencing.

c. FOIA AND PRIVACY ACT WAIVER

The defendant retains all discovery rights to documents pertaining to the investigation and prosecution of this case as may by law apply to any post-conviction litigation as to which the right to proceed has not otherwise been waived or relinquished by the defendant in this agreement or otherwise; however, notwithstanding any right on the part of the defendant to post-conviction litigation, the defendant, as a part of this agreement and in consideration of the promises by made the government hereunder, waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all

subsequent amendments thereto.

4. DEFENDANT'S FURTHER REPRESENTATIONS TO THE COURT:

a. The defendant represents to the Court that the defendant has had the services of an attorney the defendant believes to be competent; that the defendant has met with said attorney on a sufficient number of occasions and for a sufficient period of time to discuss the defendant's case and receive advice; that the defendant has been truthful with his attorney and related all information of which the defendant is aware pertaining to the case; that the defendant and defendant's attorney have discussed possible defenses, if any, to the charges in the indictment, including the existence of any exculpatory or favorable evidence or witnesses, discussed the defendant's right to plead not guilty and compel a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the government's witnesses, the defendant's right to testify in the defendant's own behalf, or to remain silent and have no adverse inferences drawn from the defendant's silence; and that the defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

b. The defendant further represents to the Court that the plea agreement as set forth herein and the plea to be entered by the defendant is the result of prior discussions between the attorney for the government and the attorney for the defendant, conducted with the defendant's authorization, knowledge and consent; that this plea agreement contains the entire agreement and

understanding between the government and the defendant; and that the defendant has no other agreements, understandings, or deals with any person other than those set out in this plea agreement, that is, the defendant advises the Court that the defendant's entire understanding of this Plea Agreement is completely set forth in writing in this document.

c. The defendant represents to the Court that the defendant has been advised of the nature of the charge to which the plea of guilty is to be offered, of the maximum possible penalty provided by law, as set forth above, and that by entering a plea of guilty the defendant gives up all of the rights set out in paragraph "a" above, gives up any defenses to the charges, and understands that there will not be a further trial of any kind. The defendant further understands that in entering a plea of guilty, the Court will ask questions about the offense to which the plea is entered.

The defendant understands that the defendant will be under oath and on the record in answering those questions, and that the defendant's answers may later be used against the defendant in a criminal prosecution for perjury or false statement if those answers are not truthful.

5. FAILURE TO COMPLY WITH TERMS OF AGREEMENT

If the defendant at any time fails to comply with any of the terms of this agreement in any way, the government shall be released from its promises herein. This includes, but is not limited to, any attempt by the defendant to obstruct justice, for example, by influencing a witness's testimony or committing new crimes prior to the acceptance of the plea by the court.

This 11 day of Sept, 2007

EDMUND A. BOOTH, JR.
ACTING UNITED STATES ATTORNEY

Patricia Green Johnson
Assistant United States Attorney
Georgia Bar 307288

I have read the foregoing Plea Agreement, consisting of nine (9) pages, and I understand what it says and means, and by my signature hereunder I swear or affirm under penalty of perjury that the matters and facts set forth therein are true, and accurately and correctly state the representations that have been made to me by my attorney and government agents and/or prosecutors, and accurately set forth the terms and conditions of the plea agreement that has been reached by my attorney on my behalf and with my permission.

9/11/07
Date

Dewayne Levearn Williams
Defendant

Charles Lyons
Attorney for the Defendant

# ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the defendant and the defendant's attorney at a hearing on the defendant's motion to change the defendant's plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by defendant be and it is hereby accepted and the foregoing Plea Agreement be and it is hereby ratified and confirmed.

This 2nd day of October 2007.

JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA